# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SUNRAY GAMING OF
NEW MEXICO, LLC,
a New Mexico limited
liability company,

           Plaintiff,

    vs.                          No. Civ. 00-1292 BB/LFG-ACE

RAY WALTERS and
MARVIN CONRAD,

           Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 29, 2001 [Doc. No. 20].  The Court, having read the motion, memoranda, and pleadings or other paper submitted by the parties, and being apprised of the applicable law, concludes that Defendants' motion is well-taken.[1]

In its amended complaint, Plaintiff invokes subject matter jurisdiction of the Court based upon diversity of jurisdiction, 28 U.S.C. § 1332.  Defendants contend that citizenship of a limited liability company is determined for federal diversity purposes by the citizenship of its members. Plaintiff contends that, for federal diversity purposes, a limited liability company should be treated like a corporation, with its citizenship determined by state of organization and principal place of business.

---

[1] In reaching my decision on Defendants' motion to dismiss, I did not rely on the exhibits attached to Defendants' motion or Plaintiff's response.

Defendants Walters and Conrad are citizens of Colorado.  Plaintiff (or SRNM) is a New Mexico limited liability company with its principal place of business in Farmington, New Mexico.  The current individual voting members of SRNM are citizens of various states, including Colorado.  Sunray Gaming, LLC, a Nevada limited liability company (SRNV), also is a voting member of SRNM.  Three members of SRNV are residents of Colorado, including both Defendants.

In Carden v. Arkoma Associates, 494 U.S. 185, 189, 195-96, 197 (1990) (5-4 decision), the Supreme Court held that a limited partnership must be treated as a citizen of each state of which all its partners or members are citizens.  Plaintiff argues that Carden is distinguishable from the case at bar because it concerned a limited partnership, and not a limited liability company.  However, a basis for the Supreme Court's decision was that "[w]hile the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have [with one distinguishable exception] . . . just as firmly resisted extending that treatment to other entities."  Id. at 189; see id. at 199 (O'Connor, J., dissenting) (framing Carden holding as Court's "newly formulated rule that the Court will, without analysis of the particular entity before it, count every member of an unincorporated association for purposes of diversity jurisdiction").  The Supreme Court explained, "having entered the field of diversity policy with regard to artificial entities once (and forcefully) . . ., we have left further adjustments to be made by Congress."  Id. at 196; see id. 197 ("We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.").[2]  No matter how logical, practical,

_____

[2] The Supreme Court acknowledged that "[t]he resolutions we have reached . . . can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization.  But, as must be evident from our earlier discussion, that has

or appealing, developing and applying a different diversity test would be for purposes of limited

liability companies, see, e.g., id. at 199-209 (O'Connor, J., dissenting); Robert J. Tribeck,

Cracking the Doctrinal Wall of Chapman v. Barney: A New Diversity Test for Limited

Partnerships and Limited Liability Companies, 5 Widener J. Pub. L. 89 (1995); Warren H.

Johnson, Note, Limited Liability Companies (LLC): Is the LLC Liability Shield Holding Up

Under Judicial Scrutiny, 25 New Eng. L. Rev. 177 (2000) (discussing how LLCs should be and

not be categorized), Carden is applicable precedent and this Court sees no reason to deviate from

its logic, see Cosgrove v Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).

For purposes of diversity jurisdiction, the citizenship of Plaintiff, an artificial business

entity other than a corporation, is determined by reference to the citizenship of its members.

Members of Plaintiff are citizens of Colorado, as are both of Defendants.   Therefore, complete

diversity does not exist between Plaintiff and Defendants, and this action must be dismissed for

lack of subject matter jurisdiction.

**NOW, THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter

Jurisdiction, filed January 29, 2001 [Doc. No. 20] is GRANTED.

---

been the character of our jurisprudence in this field . . . ." Carden, 494 U.S. at 196; see Steelworkers v.
R.H. Bouligny, Inc., 382 U.S. 145, 146, 150 (1965) (contentions that basic fairness and consideration of
substance over form require limited partnerships to receive similar treatment as corporations have
"considerable merit" (quoted and discussed in Carden, 494 U.S. at 196)).

DATED at Albuquerque this 23rd day of May, 2001.


_____

BRUCE D. BLACK
United States District Judge


Counsel for Plaintiff:  John P. Eastham and Charlotte A. Lamont, EASTHAM JOHNSON MONHEIMER & JONTZ, PC, Albuquerque, NM

Counsel for Defendant Ray Walters: James O. Browning and Cerrianne L. Mullins, BROWNING & PEIFER, Albuquerque, NM, and Jeffrey A. Chase, JACOBS, FRICK, KLENKOPF & KELLY, LLC, Denver, CO

Counsel for Defendant Marvin Conrad: Paul G. Bardacke and John M. Eaves, EAVES, BARDACKE, BAUGH, KIERST & KIERNAN, Albuquerque, NM